**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

DESERT FOX CUSTOM RESTORATIONS, INC.
a New Mexico Corporation,

    Plaintiff,

v.                                          2:19-CV-01150-KRS-CG

CWS MARKETING GROUP, INC.
a Virginia Corporation;

and

THE ACCURATE GROUP OF TEXAS, LLC,
a Texas LLC;

and

WESTCOR LAND & TITLE, INC.,
A Florida Licensed Insurance Co.,

    Defendants.

**WESTCOR LAND TITLE INSURANCE COMPANY'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant Westcor Land Title Insurance Company ("Westcor"), incorrectly named as Westcor Land & Title Inc., by and through its counsel of record, Sutin, Thayer & Browne A Professional Corporation (Mariposa Padilla Sivage), hereby submits this Answer to Plaintiff Desert Fox Custom Restorations, Inc. a New Mexico Corporation's ("Plaintiff") *Complaint For Breach Of Contract; Alternatively Breach Of Covenant Of Good Faith And Fair Dealing; Unfair Or Deceptive Trade Practice; Intentional Interference With Contract And Other Economic Opportunity; Negligence; Breach Of Fiduciary Duty; Insurance Bad Faith* ("Complaint"), filed December 6, 2019 (Doc.1) in the above-captioned matter, and states as follows:

## I. PARTIES

1. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 1 of the Complaint, and therefore denies the same.

2. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 2 of the Complaint, and therefore denies the same.

3. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 3 of the Complaint, and therefore denies the same.

4. In response to paragraph 4 of the Complaint, Westcor admits that Westcor Land Title Insurance Company, incorrectly identified as Westcor Land & Title, Inc. in the caption of this matter, is a South Carolina for-profit corporation with its principal place of business in Florida.

5. Paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Westcor admits that it is not a citizen of the District of New Mexico, but denies that subject matter jurisdiction exists in the District of New Mexico.

6. Westcor denies the allegations in paragraph 6 of the Complaint.

## II. JURISDICTION AND VENUE

7. Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 7 of the Complaint, and therefore denies the same.

8. In response to paragraph 8 of the Complaint, Westcor admits that it is a foreign corporation that does certain business in New Mexico, but denies that the Court has personal jurisdiction over Westcor.

9. Westcor denies the allegations in paragraph 9 of the Complaint.

### III.     FACTUAL BACKGROUND

10. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 10 of the Complaint, and therefore denies the same.

11. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 11 of the Complaint, and therefore denies the same.

12. In response to paragraph 12 of the Complaint, Westcor admits that the real property subject to this dispute is located at 1640 Rock Dove Lane, El Paso, Texas 7991. Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies the same.

13. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 13 of the Complaint, and therefore denies the same.

14. In response to paragraph 14 of the Complaint, Westcor admits that an owner's title policy of insurance exists related to the property located at 1640 Rock Dove Lane, El Paso.

15. In response to paragraph 15 of the Complaint, Westcor admits that it does business with Defendant Accurate whom is solely a policy-issuing company for Westcor. To the extent additional allegations remain in paragraph 15, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore denies the same.

16. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 16 of the Complaint, and therefore denies the same.

17. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 17 of the Complaint, and therefore denies the same.

18. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 18 of the Complaint, and therefore denies the same.

19. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 19 of the Complaint, and therefore denies the same.

20. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 20 of the Complaint, and therefore denies the same.

21. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 21 of the Complaint, and therefore denies the same. The remaining allegations in paragraph 21 contain legal conclusions to which no response is required and Westcor therefore denies the same.

22. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 22 of the Complaint, and therefore denies the same.

23. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 23 of the Complaint, including subparts A-F, and therefore denies the same.

24. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 24 of the Complaint, including subparts a and b, and therefore denies the same.

25. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 25 of the Complaint, and therefore denies the same.

26. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 26 of the Complaint, and therefore denies the same.

27. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 27 of the Complaint, and therefore denies the same.

28. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 28 of the Complaint, including subparts A-G, and therefore denies the same.

29. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 29 of the Complaint, and therefore denies the same.

30. Westcor denies the allegations contained in paragraph 30 of the Complaint.

31. Westcor denies the allegations in paragraph 31 of the Complaint.

32. Westcor denies the allegations in paragraph 32 of the Complaint. The remaining allegations in the paragraph are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

**COUNT I.   BREACH OF CONTRACT; ALTERNATIVELY, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

33. In response to paragraph 33 of the Complaint, Westcor restates and reincorporates its responses contained herein.

34. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 34 of the Complaint, and therefore denies the same.

35. To the extent the allegations of paragraph 35 of the Complaint are directed at Westcor, Westcor admits that it is a title insurance company, and denies the remaining allegations in paragraph 35. Westcor states the remaining allegations in the paragraph are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

36. Westcor denies the allegation contained in paragraph 36 of the Complaint.

37. Westcor denies the allegation contained in paragraph 37 of the Complaint.

38. Westcor denies the allegation contained in paragraph 38 of the Complaint.

39. Westcor denies the allegation contained in paragraph 39 of the Complaint.

**COUNT II.   UNFAIR OR DECEPTIVE TRADE PRACTICES**

40. In response to paragraph 40 of the Complaint, Westcor restates and reincorporates its responses contained herein.

41. The allegations contained in paragraph 41 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

42. The allegations contained in paragraph 42 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

43. The allegations contained in paragraph 43 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

44. The allegations contained in paragraph 44 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

45. The allegations contained in paragraph 45 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

46. Westcor denies the allegations contained in paragraph 46 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

48. Westcor denies the allegations contained in paragraph 48 of the Complaint.

### COUNT III.   INTENTIONAL INTERFERENCE WITH CONTRACT AND OTHER ECONOMIC OPPORTUNITY – LOSS OF SALE

49. In response to paragraph 49 of the Complaint, Westcor restates and reincorporates its responses contained herein.

50. The allegations contained in paragraph 50 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

51. The allegations contained in paragraph 51 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

52. Westcor is without sufficient knowledge or information to form a belief as to the truth of paragraph 52 of the Complaint, and therefore denies the same.

53. The allegations contained in paragraph 53 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.  Westcor also denies this paragraph to the extent that it suggests or implies that Westcor is responsible for Plaintiff's alleged injuries or damages or is otherwise liable.

54. Westcor denies the allegations contained in paragraph 54 of the Complaint.

55. Westcor denies the allegations contained in paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

57. The allegations contained in paragraph 57 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

### COUNT IV.   NEGLIGENCE
### (CWSMG & ACCURATE GROUP)

58. In response to paragraph 58 of the Complaint, Westcor restates and reincorporates its responses contained herein.

59. The allegations contained in paragraph 59 of the Complaint are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

60. The allegations contained in paragraph 60 of the Complaint are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

61. The allegations contained in paragraph 61 of the Complaint are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

62. The allegations contained in paragraph 62 of the Complaint are directed at other

defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

63. The allegations contained in paragraph 63 of the Complaint are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

## COUNT V.   BREACH OF FIDUCIARY DUTY

64. In response to paragraph 64 of the Complaint, Westcor restates and reincorporates its responses contained herein.

65. The allegations contained in paragraph 65 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

66. The allegations contained in paragraph 66 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

67. The allegations contained in paragraph 67 of the Complaint are directed at other defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

68. Westcor denies the allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint are directed at other

defendants, and therefore, no response is required of Westcor. To the extent a response is deemed necessary, Westcor is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies the same.

70.     The allegations contained in paragraph 70 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

### COUNT VI.   BREACH OF INSURANCE PRACTICES ACT
### (WESTCOR & ACCURATE GROUP)

71.     In response to paragraph 71 of the Complaint, Westcor restates and reincorporates its responses contained herein.

72.     Westcor admits that Plaintiff is an insured under a policy of title insurance issued by Defendant Accurate, and denies any remaining allegations in paragraph 72 of the Complaint.

73.     Westcor denies paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

75.     The allegations contained in paragraph 75 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

76.     The allegations contained in paragraph 76, including subparts A-C, of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

77.     The allegations contained in paragraph 77 of the Complaint call for legal

conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

78.   The allegations contained in paragraph 78 of the Complaint call for legal conclusions, which Westcor is not required to answer, however, to the extent an answer is required, Westcor denies the same.

79.   Paragraph 79 of the Complaint requires no response.  To the extent a response is required, Westcor denies same.

## GENERAL DENIAL

80.   Westcor denies each and every allegation in the Complaint not explicitly admitted herein.

## AFFIRMATIVE DEFENSES

1.   The Complaint fails to state a claim upon which relief may be granted

2.   Pursuant to 28 USC § 1391, venue is not proper.

3.   Plaintiff's claims are barred, in whole or in part, for lack of subject matter jurisdiction.

4.   The Court lacks personal jurisdiction over Westcor.

5.   Plaintiff's claims are barred, in whole or in part, by comparative bad faith or comparative fault or failure to timely comply with policy preconditions to suit.

6.   Plaintiff's claim under the New Mexico Unfair Trade Practices Act is groundless and Westcor is entitled to its attorneys' fees in defending against such claim.

7.   Pursuant to the terms of the title insurance policy, the law to be applied to this case is the law of the jurisdiction within the property at issue is located.  Thus, Texas, and not New

Mexico law applies to Plaintiff's cause of action.

8. Plaintiff's claims are barred, in whole or in part, by the terms of the title insurance policy under which Plaintiff is an insured.

9. Plaintiff's claims are barred in whole or in part by unclean hands, laches, waiver, estoppel and/or ratification.

10. In all events, and at all times relevant hereto, Westcor had, at the very least, a legitimate and fairly debatable basis for its conduct, accordingly, Defendant cannot be held liable for any extra-contractual damages whatsoever herein.

11. To the extent Westcor is found to be at fault, which is specifically denied, then such negligence or fault must be compared to that of other defendants, the Plaintiff and others not party to this suit and Plaintiff's damages against Westcor, if any, must be reduced according to its percentage of fault.

12. Plaintiff's claims are barred by or to the extent Plaintiff failed to mitigate his damages.

13. No act or omission of Westcor was intentional, malicious, willful, or otherwise can serve as the basis for an award of penalties, punitive damages, treble damages, or other exemplary damages to Plaintiff.

14. In whole or in part, Westcor's acts and omissions were neither the cause in fact nor the proximate cause of Plaintiff's alleged injuries and damages.

15. Plaintiff's claims are barred in whole or in part by their failure to comply with one or more conditions precedent to recovery of the benefits it seeks

16. Westcor complied with its obligations under law, and acted in good faith, with justification and in a reasonable manner.

17. Plaintiff may not recover damages for the same loss under two or more different causes of action, and only one recovery for the same loss may be awarded.

18. Any award of penalties, punitive damages, or other exemplary damages may be barred or limited by the applicable provisions of the New Mexico and United States Constitutions.

19. Some or all of Plaintiff's damages were caused by parities other than Westcor, and Westcor is not responsible for losses caused by such parities

20. Plaintiff's claims and alleged damages were the proximate result of an independent, intervening cause, thereby barring recovery against Westcor.

21. Plaintiff filed to comply with the terms and provisions of the Title Insurance Policy at issue and has filed to provide, notice or make any claim on the Title Insurance Policy at issue.

22. Plaintiff's claims are limited or barred to the extent that Westcor complied with industry or governmental customs, standards, and/or codes

23. Westcor states that it does not know which, if any, additional affirmative defenses may apply. Westcor has neither knowingly nor intentionally waived any applicable affirmative defenses. If Westcor later learns that additional affirmative defenses may apply, it will seek leave to amend its answers to raise such other affirmative defenses. Westcor specifically reserves the right to assert additional affirmative defenses as discovery continues.

**WHEREFORE** Westcor having fully answered the Plaintiff's Complaint, requests that the Complaint be dismissed with prejudice as against Westcor, for costs of suit and for any such other and further relief as the Court deems just and proper.

Respectfully Submitted,

SUTIN, THAYER & BROWNE

By: */s/ Mariposa Padilla Sivage*
　　　Mariposa Padilla Sivage
P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-3433
Facsimile: (505) 855-9520
mps@sutinfirm.com
*Attorney for Defendant Westcor*

I hereby certify that a true and correct copy of the foregoing *Answer to Plaintiff's Complaint* was served, via the Court's CMECF system and email, to all counsel of record on the 18th day of February, 2020.

By: */s/ Mariposa Padilla Sivage*
　　　Mariposa Padilla Sivage

5393473_2.docx