IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DESERT FOX CUSTOM RESTORATIONS, INC.,
a New Mexico Corporation,

      Plaintiff,

v.                                 No. 2:19-CV-01150-KRS-CG

CWS MARKETING GROUP, INC.,
a Virginia Corporation;

and

THE ACCURATE GROUP OF TEXAS, LLC,
a Texas LLC;

and

WESTCOR LAND & TITLE, INC.,
a Florida Licensed Insurance Co.,

      Defendants.

## **ANSWER OF DEFENDANT THE ACCURATE GROUP OF TEXAS, LLC**

Defendant The Accurate Group of Texas, LLC, for its answer to Plaintiff's complaint, alleges and states as follows:

## FIRST DEFENSE

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's complaint, and therefore denies them.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's complaint, and therefore denies them.

3.      Answering paragraph 3 of Plaintiff's complaint, Defendant admits that its principal place of business is, and in 2018 and 2019 was, in the State of Texas.  Defendant further admits that it operates a business for profit.  Defendant denies that it is a Texas limited liability company, and affirmatively states that it is a North Carolina limited liability company.  Defendant denies that it is a "limited corporation."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

4.      Defendant admits the allegations contained in paragraph 4 of Plaintiff's complaint.

5.      Answering paragraph 5 of Plaintiff's complaint, Defendant admits on information and belief that none of the defendants were citizens of the State of New Mexico when Plaintiff filed its complaint or when the events described in the complaint occurred, and Defendant therefore admits that diversity of citizenship exists.

6.      Defendant denies the allegations contained in paragraph 6 of Plaintiff's complaint.

7.      Answering paragraph 7 of Plaintiff's complaint, Defendant admits that the action is between citizens of different states.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

8.      Answering paragraph 8 of Plaintiff's complaint, Defendant denies that it does business in the State of New Mexico or has other contacts with the State sufficient to satisfy Due Process, and Defendant therefore denies that the Court has personal jurisdiction over it.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's complaint, and therefore denies them.

11. Answering paragraph 11 of Plaintiff's complaint, Defendant admits on information and belief the allegations contained in the first sentence of the paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

12. Defendant admits the allegations contained in paragraph 12 of Plaintiff's complaint.

13. Defendant admits on information and belief the allegations contained in paragraph 13 of Plaintiff's complaint.

14. Answering paragraph 14 of Plaintiff's complaint, Defendant admits that as agent for Defendant Westcor Land Title Insurance Company ("Westcor"), it issued a policy of title insurance on the subject property to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

15. Answering paragraph 15 of Plaintiff's complaint, Defendant admits that as an agent for Defendant Westcor, it sold the insurance policy to Plaintiff for the real estate

transaction described in Plaintiff's complaint.  Defendant denies that the transaction gives rise to any claims on the part of Plaintiff.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's complaint, and therefore denies them.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's complaint, and therefore denies them.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's complaint, and therefore denies them.

19.     Defendant admits on information and belief the allegations contained in paragraph 19 of Plaintiff's complaint.

20.     Defendant denies the allegations contained in paragraph 20 of Plaintiff's complaint.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's complaint, and therefore denies them.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's complaint, and therefore denies them.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's complaint, and therefore denies them.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's complaint, and therefore denies them.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's complaint, and therefore denies them.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's complaint, and therefore denies them.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's complaint, and therefore denies them.

28.     Answering paragraph 28 of Plaintiff's complaint, Defendant denies that its acts were "improper."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

29.     Answering paragraph 29 of Plaintiff's complaint, Defendant denies that title remains in the original owner, and Defendant affirmatively states that Plaintiff is now the record owner.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's complaint, and therefore denies them.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiff's complaint.

33.     Answering paragraph 33 of Plaintiff's complaint, Defendant incorporates the foregoing responses to the allegations of Plaintiff's complaint as if they were fully set forth herein.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's complaint, and therefore denies them.

35.     Answering paragraph 35 of Plaintiff's complaint, Defendant denies that it was ever an agent or subagent of, or a contractor with, the United States of America.  Defendant further denies that Westcor was acting as an insurer of "real estate moving in commerce in the commercial real estate sales market."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

36.     Answering paragraph 36 of Plaintiff's complaint, Defendant denies that it breached any contract with Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

37.     Answering paragraph 37 of Plaintiff's complaint, Defendant denies that it breached a contract or caused Plaintiff to incur damages.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

38.     Answering paragraph 38 of Plaintiff's complaint, Defendant denies that it breached a covenant of good faith and fair dealing, or that it failed to proceed in a fair, reasonable, or professional manner, or that it caused Plaintiff to lose the benefits of a contract. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's complaint, and therefore denies them.

40.     Answering paragraph 40 of Plaintiff's complaint, Defendant incorporates the foregoing responses to the allegations of Plaintiff's complaint as if they were fully set forth herein.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's complaint, and therefore denies them.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's complaint, and therefore denies them.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's complaint, and therefore denies them.

44.     Answering paragraph 44 of Plaintiff's complaint, Defendant denies that it was a commercial vendor or broker of real estate.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

45.     Answering paragraph 45 of Plaintiff's complaint, Defendant denies that it made false or unconscionable representations to Plaintiff, or that there is a gross disparity between the price that Plaintiff paid for title insurance and the value Plaintiff received, or between the price paid and the benefit bargained for.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiff's complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiff's complaint.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's complaint, and therefore denies them.

49.     Answering paragraph 49 of Plaintiff's complaint, Defendant incorporates the foregoing responses to the allegations of Plaintiff's complaint as if they were fully set forth herein.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's complaint, and therefore denies them.

51.     Answering paragraph 51 of Plaintiff's complaint, Defendant denies that it was subject to any contract of the sort described in the second sentence of the paragraph.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

52.     Answering paragraph 52 of Plaintiff's complaint, Defendant denies that Plaintiff was unable to realize its stated intent to acquire the real estate described by the complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

53.     Answering paragraph 53 of Plaintiff's complaint, Defendant denies that it breached any duties to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

54.     Answering paragraph 54 of Plaintiff's complaint, Defendant denies that its actions thwarted Plaintiff's objectives or caused Plaintiff to lose the benefits of any contract.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

55.     Answering paragraph 55 of Plaintiff's complaint, Defendant denies that it has damaged Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

56.     Defendant denies the allegations contained in paragraph 56 of Plaintiff's complaint.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's complaint, and therefore denies them.

58.     Answering paragraph 58 of Plaintiff's complaint, Defendant incorporates the foregoing responses to the allegations of Plaintiff's complaint as if they were fully set forth herein.

59.     Answering paragraph 59 of Plaintiff's complaint, Defendant denies that it breached any duties to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

60.     Answering paragraph 60 of Plaintiff's complaint, Defendant denies that it breached any duties to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

61.     Answering paragraph 61 of Plaintiff's complaint, Defendant denies that it breached any duties to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

62.     Answering paragraph 62 of Plaintiff's complaint, Defendant denies that it breached any duties owed to Plaintiff or otherwise failed to exercise due care.  Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

63.     Answering paragraph 63 of Plaintiff's complaint, Defendant denies that it breached any duties or caused harm to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

64.     Answering paragraph 64 of Plaintiff's complaint, Defendant incorporates the foregoing responses to the allegations of Plaintiff's complaint as if they were fully set forth herein.

65.     Answering paragraph 65 of Plaintiff's complaint, Defendant denies that it breached a fiduciary duty to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

66.     Answering paragraph 66 of Plaintiff's complaint, Defendant denies that it breached any duties or caused harm to Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the paragraph, and therefore denies them.

67.     Defendant denies the allegations contained in paragraph 67 of Plaintiff's complaint.

68.     Defendant denies the allegations contained in paragraph 68 of Plaintiff's complaint.

69.     Defendant denies the allegations contained in paragraph 69 of Plaintiff's complaint.

70.     Defendant denies the allegations contained in paragraph 70 of Plaintiff's complaint.

71.     Answering paragraph 71 of Plaintiff's complaint, Defendant incorporates the foregoing responses to the allegations of Plaintiff's complaint as if they were fully set forth herein.

72.     Answering paragraph 72 of Plaintiff's complaint, Defendant admits that Plaintiff is an insured under a policy of insurance issued by Defendant as agent for Defendant Westcor.

73.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's complaint, and therefore denies them.

74.     Defendant denies the allegations contained in paragraph 74 of Plaintiff's complaint.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's complaint, and therefore denies them.

76.     Defendant denies the allegations contained in paragraph 76 of Plaintiff's complaint.

77.     Defendant denies the allegations contained in paragraph 77 of Plaintiff's complaint.

78.     Defendant denies the allegations contained in paragraph 78 of Plaintiff's complaint.

<u>SECOND DEFENSE</u>

The Court lacks in personam jurisdiction over Defendant.

## THIRD DEFENSE

Venue in this District is improper or inconvenient.

## FOURTH DEFENSE

Because the title commitment and title policy at issue call for disputes related to the contract to be arbitrated, this proceeding should be stayed in favor of arbitration.

## FIFTH DEFENSE

The complaint or portions thereof fail to state a claim on which relief can be granted.

## SIXTH DEFENSE

Defendant's performance of the contract was excused by Plaintiff's own failure to perform.

## SEVENTH DEFENSE

Plaintiff breached its own duty of good faith and fair dealing toward Defendant.

## EIGHTH DEFENSE

Plaintiff rendered Defendant's performance of the contract impossible or impractical.

## NINTH DEFENSE

Plaintiff prevented Defendant's performance of the contract.

## TENTH DEFENSE

The law of Texas applies to this case under the contract of insurance and under ordinary conflict-of-laws principles.

## ELEVENTH DEFENSE

Plaintiff did not act with improper motives or by improper means.

## TWELFTH DEFENSE

At all material times, Defendant acted reasonably and in good faith.

## THIRTEENTH DEFENSE

Plaintiff's alleged injuries and damages resulted in whole or in part from the negligence of Plaintiff itself or of third parties for whose conduct Defendant is in no way liable or responsible.

## FOURTEENTH DEFENSE

The New Mexico Unfair Practices Act and the New Mexico Unfair Insurance Practices Act have no application to real estate transactions outside New Mexico or to the provision of title insurance pertaining to such transactions.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by its own unclean hands.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by its failure to make a claim under the insurance policy at issue.

## EIGHTEENTH DEFENSE

Plaintiff has failed to mitigate its alleged damages.

## NINETEENTH DEFENSE

Any award of punitive damages would be unwarranted by the facts and contrary to the Constitutions of the United States and the State of New Mexico.

WHEREFORE, Defendant requests that the complaint and all claims and causes of action therein against Defendant be dismissed with prejudice; that Defendant recover its costs; that Defendant recover its attorneys' fees pursuant to NMSA 1978, § 57-12-10(C) (2005), for having

to defend a groundless action under the Unfair Practices Act, or pursuant to NMSA 1978, § 59A-16-30(A) (1990), for having to defend an action that Plaintiff knew to be groundless under the Unfair Insurance Practices Act, or otherwise; and that Defendant recover whatever further relief the Court deems just and proper.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:____/s/ Charles K. Purcell_____
    Charles K. Purcell
Attorneys for Defendant The Accurate Group of Texas, LLC
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
kpurcell@rodey.com

We hereby certify that by means
of the CM/ECF system, we have
filed the foregoing and served it on

    J. Robert Beauvais
    P.O. Box 2408
    Ruidoso, N.M. 88345

    Mariposa Padilla Sivage
    P.O. Box 1945
    Albuquerque, N.M. 87103

    Michael P. Clemens
    P.O. Box 3170
    Albuquerque, N.M. 87190

this 18th day of February, 2020.

_____/s/ Charles K. Purcell_____
Charles K. Purcell